1  STEVEN G. KALAR
2  Federal Public Defender
   HEATHER M. ANGOVE
3  Assistant Federal Public Defender
4  55 S. Market Street, Suite 820
   San Jose, CA  95113
5  (408) 291-7753
6  (408) 291-7399
   Heather_Angove@fd.org
7

8  Counsel for Defendant DEMETRIUS JEFFERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | No. CR 14-00105 EMC |
|---|---|
| Plaintiff, | DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |
| v. | **Court:**  **Hon. Edward M. Chen** |
| DEMETRIUS JEFFERSON, | |
| Defendant. | |
| | **Oral Argument Requested** |

# TABLE OF CONTENTS

MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE ............................................................. 1

STATEMENT OF FACTS ............................................................................................................. 1

BASIS FOR § 2255 RELIEF ......................................................................................................... 2

I.   Mr. Jefferson's prior conviction does not qualify as a crime of violence after *Johnson*, so his current sentence violates due process of law ................................................................. 2

   A.   Under USSG § 2K2.1 and § 4B1.2, a conviction can only serve as a crime of violence if it qualifies under the force clause, the now-void residual clause, or as an enumerated offense ............................................................................................. 2

   B.   *Johnson* invalidates the residual clause under USSG § 4B1.2 ............................. 3

      (i)   *Johnson* holds that the ACCA's residual clause is unconstitutionally vague ............................................................................................. 3

      (ii)  *Johnson*'s holding applies equally to the residual clause at issue in this case, USSG § 4B1.2(a)(2), as incorporated from USSG § 2K2.1 ............. 4

   C.   After *Johnson*, Mr. Jefferson's prior conviction under California Penal Code § 487 is no longer a crime of violence ................................................................. 7

II.  Mr. Jefferson is entitled to relief under 28 U.S.C. § 2255 because his constitutional claim under *Johnson* is cognizable, the rule announced in *Johnson* is retroactive, and his claim is timely ......................................................................................................... 8

   A.   Mr. Jefferson's claim is cognizable under § 2255(a) .............................................. 8

   B.   The rule announced in *Johnson* applies retroactively on collateral review ............ 9

   C.   This motion is timely under 28 U.S.C. § 2255(f)(3) ............................................. 10

CONCLUSION ............................................................................................................................ 11

# TABLE OF AUTHORITIES

**Federal Cases**

*Danforth v. Minnesota*,
 552 U.S. 264 (2008) .................................................................................................. 9

*Dimaya v. Lynch*,
 803 F.3d 1110 (9th Cir. 2015) .................................................................................... 6

*Gall v. United States*,
 552 U.S. 38, 50 n.6 (2007) .......................................................................................... 9

*James v. United States*,
 550 U.S. 192 (2007) ................................................................................................ 3-5

*Johnson v. United States*,
 135 S. Ct. 2551 (2015) ......................................................................................... *passim*

*Peugh v. United States*,
 133 S. Ct. 2072 (2013) ................................................................................................ 9

*Ramirez v. United States*,
 799 F.3d 845 (7th Cir. 2015) ...................................................................................... 6

*Schriro v. Summerlin*,
 542 U.S. 348 (2004) .................................................................................................... 9

*Sykes v. United States*,
 131 S. Ct. 2267 (2011) ................................................................................................ 4

*Taylor v. United States*,
 495 U.S. 575 (1990) .................................................................................................... 3

*Teague v. Lane*,
 489 U.S. 288 (1989) .................................................................................................... 9

*United States v. Addonizio*,
 442 U.S. 178 (1979) .................................................................................................... 8

*United States v. Benavides*,
 617 F. App'x 790 (9th Cir. 2015) ............................................................................... 6

*United States v. Carthorne*,
 726 F.3d 503 (4th Cir. 2013) ...................................................................................... 5

*United States v. Collins*,
 799 F.3d 554 (6th Cir. 2015) ...................................................................................... 6

*United States v. Crews*,
   621 F.3d 849 (9th Cir. 2010) .................................................................................. 5

*United States v. Madrid*,
   805 F.3d 1204 (10th Cir. 2015) ............................................................................... 5

*United States v. Matchett*,
   802 F.3d 1185 (11th Cir. 2015) ............................................................................... 6

*United States v. McDonald*,
   592 F.3d 808 (7th Cir. 2010) .................................................................................. 5

*United States v. Soto-Rivera*,
   811 F.3d 53 (1st Cir. 2016) .................................................................................... 6

*United States v. Spencer*,
   724 F.3d 1133 (9th Cir. 2013) ................................................................................ 5

*United States v. Taylor*,
   803 F.3d 931 (8th Cir. 2015) (per curiam) ............................................................. 6

*United States v. Terrell*,
   593 F.3d 1084 (9th Cir. 2010) ................................................................................ 5

*United States v. United States Coin & Currency*,
   401 U.S. 715, 724 (1971) ..................................................................................... 10

*United States v. Vivas-Ceja*,
   808 F.3d 719 (7th Cir. 2015) .................................................................................. 6

*United States v. Whitson*,
   597 F.3d 1218 (11th Cir. 2010) .............................................................................. 5

*United States v. Wilcox*,
   640 F.2d 970 (9th Cir. 1981) .................................................................................. 8

*United States v. Williams*,
   559 F.3d 1143 (10th Cir. 2009) .............................................................................. 5

*United States v. Wofford*,
   122 F.3d 787 (9th Cir. 1997) ............................................................................. 7-8

*Welch v. United States*,
   136 S. Ct. 1257 (2016) ...................................................................................... 9-10

**State Cases**

*People v. LaRoca*,
　157 P.2d 378 (Cal. Ct. App. 1945) ...................................................................................... 8

**Federal Statutes**

18 U.S.C. § 924(e) ................................................................................................................ 3-4

28 U.S.C. § 2255 ...................................................................................................................... 9

**States Statutes**

Cal. Penal Code § 487 ............................................................................................................... 7

**Federal Sentencing Guidelines**

USSG § 2K2.1 ............................................................................................................... *passim*

USSG § 4B1.1 ............................................................................................................................ 4

USSG § 4B1.2 ............................................................................................................... *passim*

**Miscellaneous Authorities**

*United States v. Talmore*,
　No. 13-10650, 2015 WL 5076250 (9th Cir. Aug. 17, 2015) (Supp. Gov't Brief) ..................... 6

*United States v. Lee*,
　No. 13-10507 (9th Cir. Aug. 17, 2015) (Gov't Brief) ............................................................. 6

*United States, v. Pagan-Soto*,
　No. 13-2243, 2015 WL 4872453 (1st Cir. Aug. 11, 2015) (Supp. Gov't Brief) ...................... 6

U.S. Sent'g Comm'n, *Report on the Continuing Impact of* United States v. Booker *on Federal Sentencing*, Pt. C (Career Offenders) (2012) ......................................................................... 5

U.S. Sent'g Comm'n, *News Release: U.S. Sentencing Commission Seeks Comment on Revisions to Definition of Crime of Violence* (Aug. 7, 2015) ....................................................... 7

## MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

Demetrius Jefferson moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. On November 5, 2014, this Court imposed a sentence on Mr. Jefferson that was enhanced based on a prior conviction which, at the time, qualified as a crime of violence. Under the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Jefferson's prior conviction no longer qualifies as a crime of violence, and his sentence therefore violates due process of law. Mr. Jefferson respectfully requests that this Court grant this motion, vacate his current sentence, and re-sentence him.

## STATEMENT OF FACTS

On November 12, 2014, this Court entered a judgment convicting Mr. Jefferson of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g), and sentenced him to fifty-four months imprisonment. His sentence was enhanced under USSG § 2K2.1(a)(4)(A), on the basis of a prior crime of violence conviction. *See* Exhibit B, Amended Presentence Report, ("PSR") at ¶¶ 17, 37. With enhancements for a prior crime of violence and for the stolen firearm, his resulting offense level was 22. With the adjustment for acceptance of responsibility, Mr. Jefferson's guideline range was 63-78 months based on a total offense level of 19 and a criminal history category of VI. *See* PSR at ¶¶ 26, 42. Without the enhancement for a prior crime of violence, Mr. Jefferson's resulting guideline range would have been 33-41 months based on a total offense level of 13 and a criminal history category of VI. *See* USSG § 2K2.1(a)(6) (setting base offense level at 14 if the defendant is a prohibited person at the time of the offense).

A defendant who is convicted of a felony that is a crime of violence or a controlled substance offense is subject to an enhanced sentence under USSG § 2K2.1. Here, the probation office's presentence report determined that Mr. Jefferson had sustained a prior conviction for a crime of violence, *i.e.*, grand theft, in violation of California Penal Code §487(c); accordingly

DEF.'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255
CR 14-00105 EMC

1

probation recommended that his base offense level be set at 20, six levels higher than it would have been in the absence of the prior conviction for a crime of violence. *See* PSR at ¶¶ 17, 37; USSG §§ 2K2.1(a)(4)(A), (a)(6).

On November 5, 2014, this Court adopted the presentence report's offense level recommendation under USSG § 2K2.1(a)(4)(A), with a corresponding guideline range of 63-78 months. The Court sentenced Mr. Jefferson to fifty-four months in prison. Mr. Jefferson did not appeal his conviction or sentence. This is his first motion under 28 U.S.C. § 2255.

## BASIS FOR § 2255 RELIEF

In light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Jefferson's sentence violates due process of law. Under USSG § 2K2.1, Mr. Jefferson's prior conviction for grand theft may only enhance his sentence if it qualifies as a "crime of violence." Section 2K2.1 incorporates the definition of crime of violence from the Career Offender guideline under USSG § 4B1.2. *See* USSG § 2K2.1, comment, (n.1). USSG § 4B1.2 defines a "crime of violence" in three ways: (1) as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another;" (2) under § 4B1.2(a)(2)'s "residual clause;" or (3) as an enumerated offense. Because none of Mr. Jefferson's convictions qualify as a crime of violence after *Johnson*, he is entitled to correction of his sentence. As set forth in more detail below, Mr. Jefferson is entitled to relief under 28 U.S.C. § 2255 because his constitutional claim under *Johnson* is cognizable, the rule announced in *Johnson* is retroactive, and his claim is timely.

**I. Mr. Jefferson's prior conviction does not qualify as a crime of violence after *Johnson*, so his current sentence violates due process of law**

    **A. Under USSG § 2K2.1 and § 4B1.2, a conviction can only serve as a crime of violence if it qualifies under the force clause, the now-void residual clause, or as an enumerated offense**

The Sentencing Guideline applicable to a defendant convicted of a § 922(g) violation is USSG § 2K2.1. Section 2K2.1 provides an enhanced offense level for defendants with prior

DEF.'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255
CR 14-00105 EMC

2

convictions for one or more felony "controlled substance offense[s]" or "crime[s] of violence." *See* USSG § 2K2.1(a)(1)-(4). To define "crime of violence," § 2K2.1 incorporates the definition of that term from the Career Offender guideline, section 4B1.2. *See* USSG § 2K2.1, comment (n.1). An offense can qualify as a "crime of violence" under USSG § 4B1.2 in one of three ways: by satisfying the "force clause" in § 4B1.2(a)(1); by satisfying the "residual clause" in § 4B1.2(a)(2); or by constituting one of the enumerated offenses listed in § 4B1.2(a)(2).

Section 4B1.2(a) reads:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

 (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

 (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2.

### B. *Johnson* invalidates the residual clause under USSG § 4B1.2

#### (i) *Johnson* holds that the ACCA's residual clause is unconstitutionally vague

In *Johnson v. United States*, the Supreme Court declared the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), to be "unconstitutionally vague." 135 S. Ct. at 2557. The ACCA residual clause allowed a prior conviction to qualify as a "violent felony" for purposes of enhancing a defendant's sentence if it "otherwise involve[d] conduct that presents a serious potential risk of physical injury to another." *See* 18 U.S.C. § 924(e)(2)(B)(ii). In *James v. United States*, the Supreme Court set out the test for determining whether a predicate offense qualified under the ACCA residual clause. *See* 550 U.S. 192, 208 (2007), *overruled by Johnson v. United States*, 135 S. Ct. 2551 (2015). Under *James*, courts were to use the categorical approach described in *Taylor v. United States*, 495 U.S. 575 (1990), to determine

"whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." *Id*.

*Johnson* identified "two features" of the residual clause that render it unconstitutional. First, the residual clause presents the problem of determining what conduct illustrates the "ordinary case" of a crime under the *James* test, forcing judges to "imagine how the idealized ordinary case of a crime subsequently plays out." *Johnson*, 135 S. Ct. at 2557-58. Second, the residual clause analysis leaves no way to reliably determine how much risk the "ordinary case" must present to constitute a "serious potential risk" of physical injury. *See id*. at 2558. The "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges," and so "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Johnson*, 135 S. Ct. at 2557. The Court overruled its contrary decisions in *James*, 550 U.S. at 192, and *Sykes v. United States*, 131 S. Ct. 2267 (2011). *Johnson*, 135 S. Ct. at 2562-63.

**(ii)** ***Johnson*'s holding applies equally to the residual clause at issue in this case, USSG § 4B1.2(a)(2), as incorporated from USSG § 2K2.1**

A defendant convicted of a § 922(g) violation is sentenced pursuant to USSG § 2K2.1. Section 2K2.1 defines a "crime of violence" by incorporating the definition found in § 4B1.2, the definition under the Career Offender guideline. *See* USSG § 2K2.1, comment (n.1); USSG § 4B1.2. Mr. Jefferson's prior conviction for grand theft cannot qualify as a crime of violence under § 4B1.1(a)(2)'s residual clause because that clause is void for vagueness after the Supreme Court's decision in *Johnson*.

*Johnson*'s holding applies equally to the career offender residual clause, USSG § 4B1.2(a)(2), rendering it void for vagueness. Section 4B1.2(a)(2) repeats the ACCA's residual clause verbatim. *Compare* 18 U.S.C. § 924(e)(2)(B)(ii) ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") *with* USSG § 4B1.1(a)(2) ("or

DEF.'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255
CR 14-00105 EMC

4

otherwise involves conduct that presents a serious potential risk of physical injury to another").[1] Accordingly, the Ninth Circuit interprets the clauses identically and applies ACCA residual clause precedent in career offender cases. *See, e.g.*, *United States v. Spencer*, 724 F.3d 1133, 1138 (9th Cir. 2013) (internal citations omitted) (noting that "we make 'no distinction between the terms 'violent felony' [as defined in the ACCA] and 'crime of violence' [as defined in § 4B1.2(a)(2) of the Sentencing Guidelines] for purposes of interpreting the residual clause[s],'" and applying the "ordinary case" test articulated in *James*); *United States v. Terrell*, 593 F.3d 1084, 1093 (9th Cir. 2010) (citing and applying *James*'s "ordinary case" test and citing Ninth Circuit ACCA precedent); *United States v. Crews*, 621 F.3d 849, 853 (9th Cir. 2010) (internal citations omitted) ("In the past we have made no distinction between the terms "violent felony" and "crime of violence" for purposes of interpreting the residual clause[.]"). Therefore, *Johnson*'s discussion of the legal uncertainty and infirmity in an ACCA residual clause analysis applies to USSG § 4B1.2(a)(2).

The Supreme Court's analysis in *Johnson* supports this conclusion as well. Indeed, *Johnson* relied on several decisions involving § 4B1.2(a)(2)'s residual clause to demonstrate that it "has proved nearly impossible" to "mak[e] sense of the residual clause." *See* 135 S. Ct. at 2559-60 (citing *United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013); *United States v. Whitson*, 597 F.3d 1218 (11th Cir. 2010); *United States v. McDonald*, 592 F.3d 808 (7th Cir. 2010); *United States v. Williams*, 559 F.3d 1143 (10th Cir. 2009)).

Additionally, the Tenth Circuit has squarely invalidated section 4B1.2's residual clause after *Johnson*. *See United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015) (finding section 4B1.2's residual clause void after *Johnson* and that the imposition of a career offender

---

[1] As the Sentencing Commission previously explained, the definition of "crime of violence" in the guideline was "derived from 18 U.S.C. § 924(e)," USSG, App. C, Amend. 268 (1989); was in "respon[se] to Congress's enactment of the Armed Career Criminal Act;" and was "based on the definition of the term 'violent felony' in the ACCA." U.S. Sent'g Comm'n, *Report on the Continuing Impact of* United States v. Booker *on Federal Sentencing*, Pt. C (Career Offenders), at 4 (2012).

sentence constituted plain error). The Sixth Circuit in turn recognizes that after *Johnson*, an offense qualifies as a "crime of violence" only if it satisfies section 4B1.2's force clause or enumerated-offense clause. *See United States v. Collins*, 799 F.3d 554, 596-97 (6th Cir. 2015); *cf. Ramirez v. United States*, 799 F.3d 845, 856 (7th Cir. 2015) (acknowledging without deciding that "[w]e have interpreted both residual clauses identically, . . . and so we proceed on the assumption that the Supreme Court's reasoning [in *Johnson*] applies to section 4B1.2 as well"). *But see United States v. Matchett*, 802 F.3d 1185, 1196 (11th Cir. 2015) (rejecting argument that *Johnson* applies to residual clause of § 4B1.2).[2]

Indeed, the government has already conceded *Johnson*'s application to section 4B1.2, and the courts have acknowledged and applied those concessions. *See United States v. Soto-Rivera*, 811 F.3d 53, 59 (1st Cir. 2016) (acknowledging and applying government's concession that section 4B1.2's residual clause is void post-*Johnson*); *United States v. Benavides*, 617 F. App'x 790 (9th Cir. 2015) (vacating and remanding for resentencing in light of government's concession that *Johnson* applies to the Guidelines); *United States v. Taylor*, 803 F.3d 931, 932-33 (8th Cir. 2015) (per curiam) (remanding for resentencing in light of government's concession that career offender sentence should be vacated). The government has also conceded that *Johnson*'s constitutional holding regarding the ACCA's residual clause applies not only to section 4B1.2(a), but to other provisions as well. *See* Supp. Br. for United States at 4, *United States v. Talmore*, No. 13-10650, 2015 WL 5076250 (9th Cir. Aug. 17, 2015) (conceding Johnson application to section 4B1.2 in the context of section 2K2.1); Supp. Letter Br. for the United States at 2-4, *United States v. Lee*, No. 13-10517 (9th Cir. Aug. 17, 2015); Supp. Br. for United States at 6-10, *United States v. Pagan-Soto*, No. 13-2243, 2015 WL 4872453 (1st Cir. Aug. 11, 2015).

---

[2] Relatedly, the Ninth and Seventh Circuits have also struck down the residual clause of 18 U.S.C. § 16(b) as void for vagueness after *Johnson*. *See United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110, 1119 (9th Cir. 2015).

DEF.'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255
CR 14-00105 EMC

6

Finally, the Sentencing Commission itself has recognized that *Johnson* has rendered section 4B1.2(a)(2)'s residual clause void. Because "the statutory language the Court found unconstitutionally vague" in *Johnson* is "identical" to the career offender guideline's residual clause, the Commission proposes to "delete the residual clause" in order "to make the guideline consistent with *Johnson*." U.S. Sent'g Comm'n, *News Release: U.S. Sentencing Commission Seeks Comment on Revisions to Definition of Crime of Violence* (Aug. 7, 2015).[3]

Accordingly, the Supreme Court's ruling in *Johnson* invalidates the residual clause of USSG § 4B1.2, which applies to Mr. Jefferson's sentence that was enhanced for a prior crime of violence under USSG § 2K2.1.

### C. After *Johnson*, Mr. Jefferson's prior conviction under California Penal Code § 487 is no longer a crime of violence

After *Johnson*, Mr. Jefferson's prior conviction under section 487 cannot qualify as a crime of violence under USSG § 2K2.1 and § 4B1.2. As discussed above, *Johnson* invalidates the residual clause of § 4B1.2. Therefore, Mr. Jefferson's conviction can only qualify as a "crime of violence" if it falls under § 4B1.2's force clause or enumerated offenses list.

California Penal Code section 487(c) provides that, "[g]rand theft is committed . . . [w]hen the property is taken from the person of another." Cal. Penal Code § 487(c). The Ninth Circuit had previously held that grand theft from a person qualified as an ACCA "violent felony" under the residual clause. *See United States v. Wofford*, 122 F.3d 787, 793-94 (9th Cir. 1997).[4] Clearly, *Wofford* is no longer good law post-*Johnson*. As stated above, the residual clause of § 4B1.2 is also void under *Johnson* and cannot provide a basis for a conviction under § 487(c) to qualify as a crime of violence. Further, the Ninth Circuit in *Wofford* accepted the government's concession that grand theft did not qualify as a crime of violence under the "force" clause of the

---

[3] http://www.ussc.gov/sites/default/files/pdf/news/press-releases-and-news-advisories/press-releases/20150807_Press_Release.pdf.

[4] The *Wofford* court quoted language identical to section 487(c), but cited the provision as section 487(2). *See Wofford*, 122 F.3d at 793.

DEF.'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255
CR 14-00105 EMC

7

ACCA because "the use or threat of physical force is not an element of grand theft from a person." 122 F.3d at 793. *See* USSG § 4B1.2(a)(1). The government's concession was well-taken. *See People v. LaRoca*, 157 P.2d 378, 380 (Cal. Ct. App. 1945) (holding that "the essential elements" of grand theft are "the taking and asportation of property of another with felonious intent").

Mr. Jefferson's conviction under section 487 can no longer satisfy the definition of crime of violence as set forth in § 2K2.1 and § 4B1.2(a). Mr. Jefferson's conviction also cannot qualify as an enumerated offense under the Guidelines commentary because section 487(c) does not match the generic definition of any offense on that list. Therefore, Mr. Jefferson's sentence was illegally enhanced on that basis.

**II. Mr. Jefferson is entitled to relief under 28 U.S.C. § 2255 because his constitutional claim under *Johnson* is cognizable, the rule announced in *Johnson* is retroactive, and his claim is timely**

**A. Mr. Jefferson's claim is cognizable under § 2255(a)**

A petitioner may move to "vacate, set aside or correct" his sentence under 28 U.S.C. § 2255(a) only on a limited number of grounds: "(1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence imposed in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack." *See United States v. Wilcox*, 640 F.2d 970, 972-73 (9th Cir. 1981).[5] If a petitioner's claim is premised on a violation of United States law, on a sentence in excess of the statutory maximum, or on a basis "otherwise subject to collateral attack," the petitioner must also show "a fundamental defect which inherently results in a complete miscarriage of justice." *Id*. at 972-73 (internal citation and quotation marks omitted); *see United States v. Addonizio*, 442 U.S. 178, 185 (1979).

---

[5] Although § 2255 has been amended since the *Wilcox* decision, the language at issue for purposes of cognizability remains unchanged.

Mr. Jefferson fits squarely into the first of these categories because his sentence "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). Mr. Jefferson's fifty-four month sentence survives only under the residual clause,[6] the residual clause is "unconstitutionally vague," and "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. As set forth above, *Johnson*'s constitutional holding regarding the ACCA's residual clause applies equally to the identically worded residual clause in USSG § 4B1.2(a). Therefore, Mr. Jefferson's claim for relief is cognizable under the plain language of § 2255(a).

**B.     The rule announced in *Johnson* applies retroactively on collateral review**

A Supreme Court decision applies retroactively to cases on collateral review if it announces a "new" rule that is "substantive." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). If a new rule is substantive, it must be applied retroactively to all cases on collateral review. *See Danforth v. Minnesota*, 552 U.S. 264, 266 (2008) ("New constitutional rules announced by [the Supreme] Court that [are substantive or watershed rules of criminal procedure] must be applied in . . . all federal habeas corpus proceedings."); *Teague v. Lane*, 489 U.S. 288, 316 (1989) (plurality op.) (new rule must "be applied retroactively to *all* defendants on collateral review through one of the two exceptions we have articulated")(emphasis in original).

Here, the Supreme Court has expressly decided that the new rule it announced in *Johnson* is a substantive rule and therefore applies retroactively on collateral review. *See Welch v. United*

---

[6] The fact that Mr. Jefferson received a downward variance from the firearm Guidelines range does not affect the cognizability of his constitutional claim under *Johnson*. The Supreme Court has repeatedly emphasized that even under the post-*Booker* advisory-Guidelines regime, "district courts *must* begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *See Peugh v. United States*, 133 S. Ct. 2072, 2083 (2013) (quoting *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007)). Therefore, a constitutional error in the calculation of Mr. Jefferson's Guidelines range remains amenable to a constitutional challenge, notwithstanding the Guidelines advisory nature. *See id.* at 2085-88 (concluding that the Ex Post Facto Clause was violated when a defendant was sentenced under the current advisory Guidelines, which provided a higher sentencing range than the advisory Guidelines in effect at the time of the offense).

*States*, 136 S.Ct. 1257, 1268 (2016) ("*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review."). Specifically, the Court reasoned that the rule announced in *Johnson* is substantive because by striking down the residual clause as void for vagueness, the Court "changed the substantive reach" of a sentencing enhancement. *Id.* at 1265; *see id.* (holding that *Johnson* is substantive, not procedural, because the residual clause "can no longer mandate or authorize any sentence" and because "'even the use of impeccable factfinding procedures could not legitimate' a sentence based on that clause") (quoting *United States v. United States Coin & Currency*, 401 U.S. 715, 724 (1971)). Therefore, based on the Supreme Court's unambiguous holding in *Welch*, the rule announced in *Johnson* applies retroactively on collateral review. *Id.* ("*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review.").

### C. This motion is timely under 28 U.S.C. § 2255(f)(3)

This motion is timely under 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court decided *Johnson* on June 26, 2015, and Mr. Jefferson filed his claim within a year of that date. As discussed above, the Supreme Court recognized a new right in *Johnson*, and announced a substantive rule that is therefore retroactive to cases on collateral review.

**CONCLUSION**

Mr. Jefferson is entitled to relief under § 2255 because, in light of *Johnson*, his sentence violates due process of law. Mr. Jefferson has no qualifying crime of violence conviction. This Court should vacate his erroneous sentence under USSG § 2K2.1(a)(4)(A) and re-sentence him without the enhancement for the prior crime of violence under USSG § 2K2.1(a)(6).

Respectfully submitted,

Dated: May 18, 2016

STEVEN G. KALAR
Federal Public Defender
Northern District of California

/S/
HEATHER M. ANGOVE
Assistant Federal Public Defender

DEF.'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255
CR 14-00105 EMC

11

## 28 U.S.C. § 2242 CERTIFICATION

Pursuant to 28 U.S.C. § 2242 and Rule Governing Section 2255 Proceedings 2(b)(5), I declare under penalty of perjury under the laws of the State of California that the facts alleged in this motion are true and correct to the best of my knowledge, and that this declaration was executed on May 18, 2016, in San Jose, California.

/S/
HEATHER M. ANGOVE
Assistant Federal Public Defender

DEF.'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255
CR 14-00105 EMC

12