UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>DEMETRIUS JEFFERSON,<br><br>   Defendant. | Case No. 14-cr-00105-EMC-1<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY PETITION**<br><br>Docket No. 41 |

Defendant Demetrius Jefferson has moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government's opposition brief is due on July 24, 2016. The government has now moved for a stay of proceedings pending a decision of the Supreme Court in *Beckles v. United States*, No. 15-8544. For the reasons stated below, the government's motion to stay is hereby **DENIED**.

The Court agrees with the government that *Beckles* may well affect the instant case as two of the issues raised in *Beckles* are "(1) whether the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015), applies to the residual clause of the career offender guideline, U.S.S.G. §4B1.2(a)(2); [and] (2) if so, whether *Johnson*'s invalidation of the residual clause of the career offender guideline applies retroactively on collateral review." Mot. at 3. Nevertheless, as Mr. Jefferson points out, the Ninth Circuit has emphasized that

> habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy. . . . Special solicitude is required because the writ is intended to be a swift and imperative remedy in all cases of illegal restraint or confinement.

*Yong v. INS*, 208 F.3d 1116, 1120 (9th Cir. 2000) (internal quotation marks omitted).

The government protests that a stay here will not be "indefinite" or "potentially lengthy." *Id.* According to the government, "[t]he Supreme Court will almost certainly rule in *Beckles* by June 2017, if not before." Mot. at 3. But even though *Beckles* will be decided by the Supreme Court in its upcoming term, a stay through June 2017 could well be unduly lengthy given Mr. Jefferson's circumstances. Mr. Jefferson has been in continuous federal custody since March 4, 2014. *See* Docket No. 11 (presentence investigation report). Thus, at present, Mr. Jefferson has already served approximately 28 months. If Mr. Jefferson were to prevail on his § 2255 motion, it is possible that he could be resentenced to only 33 months,[1] and, if he were to receive a good time credit, Mr. Jefferson's sentence would effectively be reduced to 28 months (*i.e.*, 15% of 33 months). Thus, in Mr. Jefferson's case in particular, there is a need to move forward. That Mr. Jefferson may be resentenced to more than 33 months, or that he may not earn good-time credit, is a possibility; however, those possibilities are not enough to justify a stay given the habeas context before the Court. The Court also agrees with Judge Wilken that, "[e]ven if the Ninth Circuit stays any appeals pending resolution of *Beckles*, the appeals will be filed and closer to being ready for decision than if the Court stayed resentencing." *United States v. Stamps*, No. CR-13-0238 CW (N.D. Cal.) (Docket No. 62) (Order at 2).

Accordingly, the government's motion to stay is denied. This ruling, however, does not bar the government from arguing (if Mr. Jefferson prevails) that *execution* of any new sentence should be stayed based on *Beckles*.

This order disposes of Docket No. 41.

**IT IS SO ORDERED**.

Dated: July 14, 2016

_____
EDWARD M. CHEN
United States District Judge

---

[1] The government argues that "the sentence that the defendant should receive is highly likely to be contested by the parties." Reply at 3-4. While this may be true, the government does not dispute that 33 months is a *possible* sentence.

2